GUY JACKSON                                    *    IN THE
2617 Hallam Court
Baltimore, Maryland 21244                      *

     Plaintiff                                 *    CIRCUIT COURT

v.                                             *

ALEJANDRO PENA                                 *    FOR
601 East Fayette Street
Baltimore, Maryland 21202                      *

     Defendant                                 *    BALTIMORE CITY

and                                            *

LESTER MANUYAG                                 *
601 East Fayette Street
Baltimore, Maryland 21202                      *

     Defendant                                 *    CASE NO.

and                                            *    24-C-13-008495

DETECTIVE JULIAN MIN                           *
601 East Fayette Street
Baltimore, Maryland 21202                      *

     Defendant                                 *
and                                            *

MAYOR AND CITY COUNCIL                         *
OF BALTIMORE CITY
100 North Holliday Street, Suite 101           *
Baltimore, Maryland 21202                      *

     Defendant                                 *

     *Serve On:*                               *
     George A. Nilson
     City Solicitor                            *
     100 North Holliday Street, Suite 101
     Baltimore, Maryland 21202                 *

RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY
2013 DEC 27 PM 12:33
CIVIL DIVISION

Case: 24-C-13-008495
CV File New                $80.00
Appear Fee                 $20.00
MLEC                       $55.00
TOTAL                     $155.00

Receipt #2013000053072
Cashier: MST CCBox42
12/30/13    9:05am

1

**BALTIMORE CITY POLICE DEPARTMENT**     *
601 East Fayette Street
Baltimore, Maryland 21202     *

    Defendant     *

    *Serve On:*     *
    *Anthony Batts, Commissioner*
    601 East Fayette Street     *
    Baltimore, Maryland 21202
                                   *

        Or

    George A. Nilson     *
    City Solicitor
    100 North Holliday Street     *
    Suite 101
    Baltimore, Maryland 21202     *

*   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT AND
## REQUEST FOR JURY TRIAL

**NOW COMES**, Guy Jackson, pursuant to 28 U.S.C. 1331, 42 U.S.C. 1983, 42 U.S.C.

1985, andFOR State base claims, alleging as true the following:

## JURISDICTION AND VENUE

1.      That Plaintiff Guy Jackson is a resident of the City of Baltimore, State of

Maryland.

2.      That Defendant Alejandro Pena (hereinafter "Pena" or "Defendant Pena") at all

times alleged herein was an employee of the Baltimore City Police Department and was acting

either in an individual and/or in his official capacity as a Baltimore City Police Officer charged

with enforcement of criminal laws in the State of Maryland principally in Baltimore City, and thus,

he was acting under color of law.

3.      That Defendant Lester Manuyag (hereinafter "Manuyag" or "Defendant Manuyag") at all times alleged herein was an employee of the Baltimore City Police Department and was acting either in an individual and/or in his official capacity as a Baltimore City Police Officer charged with enforcement of criminal laws in the State of Maryland principally in Baltimore City, and thus, acting under color of law.

4.      That Defendant Detective Julian Min (hereinafter "Min" or "Defendant Min") at all times alleged herein was an employee of the Baltimore City Police Department and was acting either in an individual and/or in his official capacity as a Baltimore City Police Officer charged with enforcement of criminal laws in the State of Maryland principally in Baltimore City, and thus, he was acting under color of law.

5.      That the Mayor and City Council is connected to the Baltimore City Police Department (State Government Agency) to such an extent as to prevent the Police Department from asserting Eleventh Amendment Immunity; as such, it is considered a "person" under 42 U.S. C. 1983; furthermore the Mayor and City Council of Baltimore City and the Baltimore City Police Department are directly liable to Plaintiff for its own improper conduct, as a result of direct "policies and customs" that caused the constitutional deprivations suffered by Plaintiff; alternatively, the Mayor and City Council of Baltimore City and the Baltimore City Police Department are liable to Plaintiff as a result of continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees that resulted in constitutional deprivations of the same nature and kind suffered by Plaintiff; the municipal decision to encourage and condone the excessive use of force alleged in the instant complaint, reflected and continues to

reflect, the deliberate indifference to the risk that a violation of the constitutional or statutory

rights alleged herein would necessarily follow that decision; further, the Mayor and City Council

of Baltimore, and the Baltimore City Police Department have a policy and/or practice of providing

inadequate training, discipline, and supervision which resulted in the direct and/or proximate

cause of Plaintiff being severely injured by Pena, Manuyag and Min , at the time of the incidents,

alleged in this complaint.

6.     That all events alleged herein occurred in the City of Baltimore, State of Maryland

for purposes of jurisdiction and venue; notice was properly filed pursuant to the Courts and

Judicial Procedures Article of Maryland.

7.     That jurisdiction is also conferred upon this court under 28 U.S.C. 1331, 42

U.S.C. 1983, and State based claims, as substantive elements to all counts as if fully set forth

therein.

**STATEMENT OF FACTS**

Plaintiff incorporates by reference the allegations contained in paragraphs 1- 7 as is fully

set forth herein:

8.     That on or about April 22, 2013, Plaintiff Jackson was in the 2900 block of

Winchester Street in Baltimore City, Maryland where he was approached by two (2)  individuals,

Larry Hooker and Rickey Dixon, who brandished handguns ordered Plaintiff into a silver

Mercedes automobile with them and ordered him to drive the vehicle to the corner of North

Dukeland Street and Edmond son Avenue in Baltimore City, Maryland.

9.     Upon reaching the location ordered by Larry Hooker and Rickey Dixon, he was

ordered to stay in the vehicle while Hooker and Dixon exited and confronted two (2) unknown

individuals at that location.  During the confrontation between Hooker and Dixon and the

unknown individuals, shots were fired.

      10.     As Hooker and Dixon were attempting to re-enter the silver Mercedes, Defendants

Pena and Manuyag, both Baltimore City Police Officers, arrived at the scene and recklessly,

wantonly, with disregard to the safety of others, and without legal justification, began discharging

their weapons into the silver Mercedes despite Plaintiff obviously being in the vehicle.  Plaintiff

was struck multiple times in the arms, body and head by the bullets being shot by Defendants Pena

and Manuyag.

      11.     Following the unwarranted and unjustified shooting of Plaintiff by Defendant's

Pena and Manuyag, Plaintiff was transported to the University of Maryland Shock Trauma

Hospital on April 22, 2013 where Plaintifff was under arrest while being treated for his injuries.

      12.     On or about April 28, 2013, against the advice of the medical care providers at the

University of Maryland Shock Trauma Hospital, Defendant Min, of the Baltimore City Police

Department, removed Plaintiff from hospital care under the guise of having Plaintiff transported to

the Baltimore City Jail Medical Facility.  Instead, Defendant Min transported Plaintiff to the

Baltimore City Police Department to be interrogated.

      13.     At the conclusion of Defendant Detective Min's interrogation of Plaintiff,

Detective Min ejected Plaintiff from the Baltimore City Police Department offices onto the streets

of Baltimore City.  At the time Plaintiff was wearing nothing but a hospital gown from Shock

Trauma and Plaintiff still suffered from an open feeding tube which extended from his stomach as

well as the from numerous bullet holes in his head and face inflicted by Defendants Pena and

Manuyag.

14.     Plaintiff then had to be transported back to the hospital by his family members for further treatment.

15.     That upon investigation of the April 22, 2013 shooting, the Baltimore City Police Department justified, ratified and thereby condoned the use of unjustified deadly force applied in this case and in similar cases where officers shot and assaulted unarmed men resulting in their deaths or serious bodily injuries thereby making Defendant Baltimore City Police Department equally responsible for the injuries to Plaintiff through its use of force policy and public statements.

16.     That upon investigation of the April 28, 2013 incident where Detective Min removed Plaintiff from Shock Trauma by subterfuge against the advice of the Shock Trauma medical personnel, and then ejected Plaintiff onto the streets of Baltimore City, the Baltimore City Police Department justified, ratified, and thereby condoned Detective Min's dishonest and callous actions thereby making Defendant Baltimore City Police Department equally responsible for the injuries suffered by Plaintiff therefrom through its use of policy and police statements.

## COUNT I

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-16, inclusive, as if fully set forth herein:

17.     For all of the reasons identified in paragraphs 1-16, inclusive, on April 22, 2013 Defendants Pena and Manuyak violated 42 U.S.C. §1983 when they, under the color of law, violated Plaintiff Guy Jackson's U.S. Constitutional Rights (including, but not limited to the Fourth Amendment) by using excessive force to shoot, injure, and maim him while he was

6

engaged in lawful activity.

18.     No unlawful activity or crime was being committed by Plaintiff at the time

Defendants Pena and Manuyak repeatedly shot Plaintiff, who was unarmed, and who did not pose

an immediate threat to the safety of Defendants Pena and Manuyak or others.

19.     That Defendants Pena and Manuyag's conduct in shooting Plaintiff violated clearly

established statutory and/or constitutional rights of which a reasonable person would have known,

namely rights guaranteed by the Fourth Amendment and the Maryland Declaration of Rights.

20.     That Defendants Pena and Manuyag maliciously, intentionally and without due

regard to the public safety and Plaintiff's safety, opened fire on the vehicle occupied by Plaintiff

without any probable cause to believe a crime had been committed by Plaintiff.

**WHEREFORE**, Plaintiff requests the Court grant a judgment against Defendants Pena

and Manuyag, jointly and severally, in the amount of $10,000,000.00, to include compensatory

and punitive damages, if applicable, as well as such other and further relief as may be fair and just.

## COUNT II

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 20,

inclusive, as if fully set forth herein:

21.     That Article 24 of the Maryland Declaration of Rights provides that no man should

be "imprisoned or disseized of his freehold, liberties or privileges ... or in any manner ... deprived

of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and

Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without oath or

affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places, or to seize suspected persons

7

without naming or describing the place, or the person in special are illegal and ought not be granted."

22.     Defendants Pena and Manuyag, jointly and severally, violated Plaintiff's rights under Article 24 and 26 of the Maryland Declaration of Rights by committing the above described unwarranted and unjustified shooting of Plaintiff in violation of his rights thereunder.

23.     That the force used by the said Defendants in shooting Plaintiff exceeded what was reasonably necessary in the circumstances.

24.     That Defendants Pena and Manuyag's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time and were thereby excessive.

25.     That as a direct and proximate cause of the allegations set forth above, Plaintiff suffered grievous and severe injuries, loss of liberty, violation of his rights under Maryland's Declaration of Rights, pain and suffering, and mental anguish.

**WHEREFORE**, Plaintiff requests damages against Defendants Pena and Manuyag, jointly and severally, in the amount of $10,000,000.00.

## COUNT III

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-25 inclusive, as if fully set forth herein:

26.     For all of the reasons identified in Counts I and II on April 22, 2013, the Baltimore City Police Department violated 42 U.S.C. §1983 when it allowed Plaintiff's U.S. Constitutional rights (including but not limited to the Fourth Amendment) to be violated by allowing excessive force to be used in the shooting of Plaintiff by Defendants Pena and Manuyag.

27.     That no crime was being committed by Plaintiff at the time Plaintiff was repeatedly

shot by Defendants Pena and Manuyag.  Plaintiff was unarmed and lawfully occupying a motor

vehicle, and there forth did not pose any immediate threat of safety to the Defendants or others.

28.     That Defendants Pena and Manuyag's actions in shooting Plaintiff violated clearly

established statutory and Constitutional rights of which a reasonable person would have known,

namely rights guaranteed by the Fourth Amendment and the Maryland Declarations of Rights.

29.     That Defendants Pena and Manuyag intentionally and maliciously shot and

grievously injured Plaintiff in their use of excessive force without any probable cause to believe

Plaintiff was committing a crime.

30.     That the Baltimore City Police Department caused the unconstitutional actions by

its employees, Defendants Pena and Manuyag, through poor training, suspect policies, inadequate

supervision, retention, and discipline.

31.     That the Baltimore City Police Department maintained a policy of unconstitutional

and unlawful excessive force to be used when no probable cause has been established or

reasonable suspicion to suspect that criminal activity has occurred; and that the injury to Plaintiff,

was not "a single isolated, accidental, or peculiar event", but one in a long line of events that

predate and post-date the incident in question.

32.     That policies of excessive force and other Maryland and United States

Constitutional violations of citizens' rights has resulted from the Baltimore City Police

Department's failure to establish effective procedures, rules, orders, guidelines, and practices to

ensure that such violations do not occur, and to ensure that allegations of such violations will be

thoroughly investigated and appropriately punished when found to have occurred.

33.     That as a result of the aforementioned failures to adequately train, supervise, retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department and is the direct and proximate cause of the injuries suffered by Plaintiff by Defendants Pena and Manuyag.

34.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided such repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Defendants Pena and Manuyag.

35.     That as a direct and proximate cause of the allegations above, Plaintiff suffered grievous and severe injuries, a loss of liberty, violation of his rights under Maryland's Declaration of Rights and United States Constitution, pain and suffering, and mental anguish.

**WHEREFORE**, Plaintiff requests damages against the Baltimore City Police Department and the Mayor and City Council of Baltimore City, in the amount of $10,000,000.00.


## COUNT IV

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-35 inclusive, as if fully set forth herein:

36.     For all of the reasons identified in Counts I, II, III, on April 22, 2013, the Baltimore City Police Department violated Articles 24 and 26 of the Maryland Declaration of

Rights when it allowed Plaintiff rights to be violated by allowing excessive force to be used in the shooting of Plaintiff by Defendants Pena and Manuyag.

37.     That no crime was being committed by Plaintiff at the time Plaintiff was repeatedly shot by Defendants Pena and Manuyag.  Plaintiff was unarmed and lawfully occupying a motor vehicle, and therefore, did not pose any immediate threat of safety to the Defendants or others.

38.     That Defendants Pena and Manuyag's actions in shooting Plaintiff violated clearly established statutory and Constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth Amendment and the Maryland Declaration of Rights.

39.     That Defendants Pena and Manuyag intentionally and maliciously shot and grievously injured Plaintiff in their use of excessive force without any probable cause to believe Plaintiff was committing a crime.

40.     That the Baltimore City Police Department caused the unconstitutional actions by its employees, Defendants Pena and Manuyag, through poor training, suspect policies, inadequate supervision, retention, and discipline.

41.     That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity has occurred; and that the injury to Plaintiff was not "A single isolated, accidental, or peculiar event", but one in a long line of events that predate and post-date the incident in question.

42.     That Baltimore City Police Department's use of excessive force in violation of citizens' Maryland and United States Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted,

ratified, condoned and/or justified by the Baltimore City Police Commissioners, officials, and the Baltimore City Police Department as a whole.

43.  That policies of excessive force and other Maryland and United States Constitutional violations of citizens' rights has resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur, and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred.

44.  That as a result of the aforementioned failures to adequately train, supervise, retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the injuries suffered by Plaintiff by Defendants Pena and Manuyag.

45.  That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided its repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Defendants Pena and Manuyag.

46.  That as a direct and proximate cause of the allegations above, Plaintiff suffered grievous and severe injuries, a loss of liberty, violation of his rights under Maryland's Declaration of Rights and United States Constitution, pain and suffering, and mental anguish.

**WHEREFORE**, Plaintiff requests damages against the Baltimore City Police Department and the Mayor and City Council of Baltimore in the amount of $10,000,000.00.

## COUNT V

Plaintiff hereby incorporates by reference, the allegations contained in paragraphs 1-46, inclusive, as if fully set forth herein:

47.     For all of the reasons identified in paragraphs 1-46, inclusive, on  April 28, 2013, Defendant Detective Min violated 42 U.S.C. §1983 when he, under the color of law, violated Plaintiff Guy Jackson's U.S. Constitutional rights (inclusive, but not limited to the Fourth Amendment) by removing Plaintiff from medical care at the University of MD Shock Trauma Center, under the guise of transferring Plaintiff to the Baltimore City Jail Medical Facility, and instead transporting Plaintiff to the Baltimore City Police Department for interrogation and thereafter failing and refusing to return Plaintiff to any medical facility.  Defendant Detective Min instead turned Plaintiff out onto the streets of Baltimore City.

48.     Defendant Min's removal of Plaintiff from the hospital was directly against the advice of the medical personnel at Shock Trauma.

49.     Defendant Detective Min's violations of Plaintiff's rights were clearly premeditated, intentional, and maliciously done, as evidenced by his use of subterfuge in removing Plaintiff from Shock Trauma and by not returning Plaintiff to any medical facility, which caused and subjected Plaintiff to further injuries and distress.

50.     That Defendant Min's conduct as aforesaid violated clearly established statutory and/or Constitutional rights of which a reasonable persons would have known, namely rights

guaranteed by the Fourth Amendment and the Maryland Declaration of Rights.

51.     That Defendant detective Min maliciously, intentionally, and without due regard to

Plaintiff's safety subjected Plaintiff to further severe medical injuries and complications, all under

the color of law.

**WHEREFORE**, Plaintiff requests damages against Defendant Detective Min in the

amount of $1,000,000.00.

## COUNT VI

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-51,

inclusive, as if fully set forth herein:

52.     That Article 24 of the Maryland Declaration of Rights provides that no man should

be "imprisoned or disseized of his freehold, liberties or privileges ... or in any manner... deprived

of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and

Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without oath or

affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be

granted."

53.     Defendant Detective Min violated Plaintiff's rights under Articles 24 and 26 of the

Maryland Declaration of Rights, by committing the above described conduct in violation of

Plaintiffs rights thereunder.

54.     That Defendant Detective Min's conduct exceeded what was reasonably necessary

in the circumstances.

14

55.     That Defendant Detective Min's actions were objectively unreasonable in light of the facts and circumstances at the time and were thereby excessive.

56.     That as a direct and proximate cause of the allegations set forth above, Plaintiff suffered grievous and severe injuries, loss of liberty, violation of his rights under Maryland Declaration of Rights, pain and suffering and mental anguish.

**WHEREFORE**, Plaintiff requests damages against Defendant Detective Min in the amount of $1,000,000.00.

## COUNT VII

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-56, inclusive, as if fully set forth herein:

57.     For all of the reasons identified in Counts I-VI, on April 28, 2013, the Baltimore City Police Department violated 42 U.S.C. § 1983, when it allowed Plaintiff's U.S. Constitutional rights (including but not limited to the Fourth Amendment) to be violated by allowing Defendant Detective Min to fraudulently remove Plaintiff from medical care, interrogate him, and refuse to return him to Shock Trauma.

58.     That no crime was being committed by Plaintiff at any time.

59.     That Defendant Min's actions violated clearly established statutory and Constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth Amendment and the Maryland Declaration of Rights.

60.     That Defendant Detective Min intentionally and maliciously removed Plaintiff from medical care and refused to return him to Shock Trauma, without any probably cause to believe

15

Plaintiff was committing a crime.

61.     That the Baltimore City Police Department caused the unconstitutional actions by its employee, Defendant Detective Min, through poor training, suspect policies, inadequate supervision, retention, and discipline.

62.     That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful actions to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity has occurred; and that the injury to Plaintiff, was not "a single isolated, accidental, or peculiar event", but one in a long line of events that predate and post-date the incident in question.

63.     That Baltimore City Police Department's use of unconstitutional acts in violation of citizens' Maryland and United States Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Commissioners, officials, and the Baltimore City Police Department as a whole.

64.     That policies of unconstitutional acts and other Maryland and United States Constitutional violations of citizens' rights has resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred.

65.     That as a result of the aforementioned failures to adequately train, supervise, retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice

has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the injuries suffered by Plaintiff by Defendant Detective Min.

66.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided its repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Defendant Detective Min.

67.     As a direct and proximate cause of the allegations above, Plaintiff suffered grievous and severe injuries, a loss of liberty, violation of his rights under Maryland's Declaration of Rights and United States Constitution, pain and suffering, and mental anguish.


**WHEREFORE**, Plaintiff requests damages against the Baltimore City Police Department and The Mayor and City Council in the amount of $1,000,000.00.


## COUNT VIII

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-67 inclusive, as if fully set forth herein:

68.     For all of the reasons identified in Counts I-VII, on April 28, 2013 the Baltimore City Police Department violated Articles 24 and 26 of the Maryland Declaration of Rights when it allowed Plaintiff's rights thereunder to be violated by allowing Defendant Detective Min's actions as aforesaid.

69.   That no crime was being committed by Plaintiff at any time.

70.   That Defendant Detective Min's actions as aforesaid violated clearly established statutory and Constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth Amendment and the Maryland Declaration of Rights.

71.   That Defendant Detective Min intentionally and maliciously removed Plaintiff from Shock Trauma and denied him medical care without any probable cause to believe Plaintiff was committing a crime.

72.   That the Baltimore City Police Department caused the unconstitutional actions by its employee, Defendant Detective Min, through poor training, suspect policies, inadequate supervision, retention, and discipline.

73.   That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful actions to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity has occurred; and that the injury to Plaintiff was not "a single isolated, accidental, or peculiar event", but one in a long line of events that predate and post-date the incident in question.

74.   That the Baltimore City Police Department's use of unconstitutional actions in violation of citizens' Maryland and United States Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Commissioners, officials, and the Baltimore City Police Department as a whole.

75.   That policies of unconstitutional acts and other Maryland and United States Constitutional violations of citizens' rights has resulted from the Baltimore City Police

Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur, and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred.

76.     That as a result of the aforementioned failures to adequately train, supervise, retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has been manifest in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the injuries suffered by Plaintiff by the actions of Defendant Detective Min.

77.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided its repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Defendant Detective Min.

78.     That as a direct and proximate cause of the allegations above, Plaintiff suffered grievous and severe injuries, a loss of liberty, violation of his rights under Maryland's Declaration of Rights and United States constitution, pain and suffering, and mental anguish.


**WHEREFORE**, Plaintiff requests damages against the Baltimore City Police Department and The Mayor and City Council of Baltimore City, in the amount of $1,000,000.00.

## COUNT IX

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-78, inclusive, as if fully set forth herein:

79.     At all times relevant hereto, Defendants Pena and Manuyag were employed by the Baltimore City Police Department.

80.     That Defendants Pena and Manuyag's actions as set forth herein were committed within the scope of their employment with the Baltimore City Police Department and in furtherance of its interests.

81.     That Defendant Pena and Mauyag's actions as described herein were with the intent and capability to do bodily harm to Plaintiff.  Their conduct was perpetrated with actual malice.

82.     That Defendant Pena and Manuyag's conduct constituted an intentional battery and was undertaken deliberately and with actual malice.

83.     As a result of Defendant Pena and Manuyag's conduct as aforesaid, Plaintiff suffered grievous and severe injuries, pain and suffering, permanent and debilitating injuries, mental distress, and monetary losses.


**WHEREFORE,** Plaintiff requests damages against Defendants Pena, Manuyag, the Baltimore City Police Department, and The Mayor and City Council of Baltimore, jointly and severally, in the amount of $10,000,000.00.

## COUNT X

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-83, inclusive, as if fully set forth herein:

84. At all times relevant hereto, Defendant Detective Min was employed by the Baltimore City Police Department.

85. That Defendant Detective Min's actions as set forth herein were committed within the scope of his employment with the Baltimore City Police Department and in furtherance of its interests.

86. That Defendant Detective Min's actions as described herein were with the intent and capability to do bodily harm to Plaintiff. His conduct was perpetrated with actual malice.

87. That Defendant Detective Min's conduct caused Plaintiff to be put in reasonable imminent fear of bodily harm.

88. As a result of Defendant Detective Min's conduct and actions, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses and monetary loss.

**WHEREFORE,** Plaintiff requests damages against Defendant Detective Min, the Baltimore City Police Department, and the Mayor and City Council of Baltimore, jointly and severally, in the amount of $1,000,000.00.

## COUNT XI

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-88, inclusive, as if fully set forth herein:

89.     At all times relevant hereto, Defendants Pena and Manuyag were employed by the Baltimore City Police Department.

90.     That Defendants Pena and Manuyag's actions as set forth herein were committed within the scope of their employment with the Baltimore City Police Department and in furtherance of its interests.

91.     Defendants Pena and Manuyag's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

92.     The aforesaid conducted by Defendants Pena and Manuyag was extreme and outrageous and beyond the bounds of decency in society.

93.     The conduct of Defendants Pena and Manuyag was malicious, willful, and intentional.

94.     As a result of Defendants Pena and Manuyag's conduct as aforesaid, Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress.


**WHEREFORE,** Plaintiff requests damages against Defendants Pena, Manuyag, the Baltimore City Police Department, and The Mayor and City Council of Baltimore, jointly and severally, in the amount of $10,000,000.00.

### COUNT XII

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-94, inclusive, as if fully set forth herein:

95.     At all times relevant hereto, Defendant Detective Min was employed by the Baltimore City Police Department.

96.     That Defendant Detective Min's actions as set forth herein were committed within the scope of his employment with the Baltimore City Police Department and in furtherance of its interests.

97.     Defendant Detective Min's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

98.     Defendant Detective Min's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

99.     The conduct of Defendant Min was malicious, willful, and intentional.

100.    As a result of Defendant Min's conduct as aforesaid, Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE,** Plaintiff requests damages against Defendant Detective Min, the Baltimore City Police Department, and the Mayor and City Council of Baltimore, jointly and severally, in the amount of $1,000,000.00.

23

Joshua L. Insley
Suite 707
409 Washington Avenue
Towson, Maryland 21204
t: 410-337-3755
f: 410-337-3758
jlinsley@towsonlawgroup.com


J. SHAWN ALCARESE
Suite 707
409 Washington Avenue
Towson, Maryland 21204
t: 410-337-3755
f: 410-337-3758
jsalcarese@towsonlawgroup.com
Attorneys for Plaintiff


## REQUEST FOR JURY TRIAL

Madam Clerk;

Plaintiff hereby elects to have this matter tried before a jury.


J. Shawn Alcarese