IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Guy Jackson | * | |
| Plaintiffs, | * | Civil Action No: 1:14- cv-00516-WMN |
| vs. | * | |
| Baltimore Police Department, et al, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF THE BALTIMORE
POLICE DEPARTMENT'S MOTION TO BIFURCATE
AND TO STAY DISCOVERY**

I.   **INTRODUCTION**

The above-captioned case is civil rights action under 42 U.S.C. § 1983 ("§ 1983") against the Baltimore Police Department ("BPD") and BPD law enforcement officer Detective Julian Min ("Detective Min"). *ECF Paper No. 2, Complaint ¶¶ 4, 5.* On Thursday, June 19, 2014, this Court granted BPD's Motion to Dismiss with respect to *Counts* III, IV, VIII, IX, X, and XI of the Complaint. *See ECF Paper Nos. 28, 29.* Defendant, BPD has now filed a motion, pursuant to Fed.R.Civ.Proc. 42(b) ("Rule 42(b)"), as well as and Fed.R.Civ.Proc 26(d) ("Rule 26(d)" )to: (1) bifurcate the trial of the Plaintiffs' claims against Detective Min from the claims against BPD; and (2) to stay discovery against the BPD pending the resolution of the Plaintiffs' claims against Detective Min. As demonstrated more fully below, a bifurcation of the trial and stay of discovery against BPD will substantially decrease the risk of prolonged and burdensome litigation, will conserve judicial resources, will serve as a more effective method of testing the

sufficiency of the Plaintiffs' claims, and lastly, will protect against the possibility of prejudice against BPD, and Detective Min.  Therefore, the Court should grant the Rule 42(b) motion to bifurcate as well as the Rule 26(d) motion to stay discovery.

## II.   STATEMENT OF FACTS

The §1983 claims arise out of a police-involved shooting that is alleged to have taken place on or about April 22, 2013, on the corner of North Dukeland Street and Edmondson Avenue in Baltimore City, Maryland. *See ECF Paper No. 2, Compl. ¶¶ 8-10*. The complaint alleges that the shooting involved Plaintiff, two Baltimore Police Department Officers (Officer Alejandro Pena and Officer Lester Manuyag), and two other individuals not named in this action. *See Id.*. ¶¶ 8-10.  Following the shooting, Plaintiff alleges that he was transported to the University of Maryland Shock Trauma Hospital where he remained until on or about April 28, 2013. *See Id.,*. ¶¶ 11-12. On or about April 28, 2013, Plaintiff indicates he was removed from the hospital by individual Defendant Detective Julian Min and transported to the Baltimore Police Department for questioning. *See Id.*, ¶¶ 11-12. Plaintiff claims that the BPD violated § 1983 when it allowed individual Defendant Detective Min to remove Plaintiff from medical care in order to question Plaintiff following the incident on April 22, 2013, and for also refusing to return Plaintiff to Shock Trauma. *See ECF Paper No. 2,* ¶¶57-67.

The §1983 *Monell* and supervisory claims against BPD[1] has been reduced the single allegation of BPD violated § 1983 when it allowed individual Defendant Detective

---

[1] A §1983 *Monell* claim refers to the well settled Supreme Court precedent authorizing civil rights lawsuits under §1983 against municipalities, where an official policy or custom of the municipality causes a constitutional injury.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Likewise, a §1983 supervisory liability claim refers to the well settled precedent authorizing civil rights lawsuits against supervisory officials who directly participate in constitutional violations, or who tacitly authorize subordinate employees to commit constitutional violations through "deliberate indifference." *See Shaw v.*

Min to remove Plaintiff from medical care in order to question Plaintiff following the incident on April 22, 2013, and for also refusing to return Plaintiff to Shock Trauma. *See*, ECF No. 2, ¶¶ 57-67.

### III. STANDARD OF REVIEW

Rule 42 sets forth, in plain and unequivocal language, the standard that this Court should follow for both consolidating trials, and for ordering separate trials:

> **Rule 42. Consolidation; Separate Trials**
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.Proc. 42(a)-(b) (Lexis 2013). The Court has broad discretion in deciding whether to bifurcate claims for trial under Rule 42(b), and the exercise of that discretion will be set aside only if clearly abused. *See Dixon v. CSX Transp., Inc*., 990 F.2d 1440, 1443 (4th Cir.), *cert. denied*, 510 U.S. 915 (1993). Bifurcation of the proceedings is appropriate if any one of the conditions set forth in Rule 42(b) is met by the circumstances of a civil action. See *James v. Frederick County Pub. Schs*., 441

---

*Stroud,* 13 F.3d 791, 799, *cert. denied,* 513 U.S. 813 (1994); *Slakan v. Porter,* 737 F.2d 368, 372-373 (4th Cir. 1984) *cert. denied,* 470 U.S. 1035 (1985).

F.Supp.2d 755, 762 (D. Md. 2006); *Robertson v. Prince George's County*, 215 F. Supp. 2d 664, 665 (D. Md. 2002); *Jones v. Ziegler*, 894 F.Supp. 880, 883 (D. Md. 1996), *aff'd, Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D. Md. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-320 (D. Md. 1991); *see also Williamson v. Prince George's County*, 2011 U.S. Dist. LEXIS 28877, Slip. Op. 1, 4-5 (D. Md. decided March 21, 2011)(unpublished); *Taylor v. State of Maryland* 2010 U.S. Dist. LEXIS 132969, Slip Op. 1, 4-5 (D. Md. decided December 16, 2010)(unpublished); *Santos v. Frederick County Bd. of Comm'rs*, 2010 U.S. Dist. LEXIS 88449, Slip Op. 1, 14 (D. Md. decided August 25, 2010)(unpublished), *aff'd in part and vacated in part, both on other grounds,* 725 F.3d 451 (4th Cir. 2013).

Moreover, Rule 26(d) governs the timing of discovery, and it implicitly authorizes this Court to stay discovery, as appropriate, in a civil action:

> **Rule 26. Duty to Disclose; General Provisions Governing Discovery.**
> …
>
> **(d) Timing and Sequence of Discovery.**
>
> (1) Timing.
>
> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed.R.Civ.Proc. 26(d)(Lexis 2013). It is, of course, well settled that the control and management of litigation, including the power to manage discovery, is within "the inherent power" of the Court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)(holding that the power of a federal court to dismiss a case *sua sponte* for failure to prosecute "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

4

disposition of cases."); *White v. Officer of the Public Defender*, 170 F.R.D. 138, 149 (D. Md. 1997)(same holding-power to sanction for discovery violation).

Here, the BPD can meet their burden of proving that bifurcation is more appropriate and desirable than a single trial. Moreover, should the Court grant the motion to bifurcate, it should also stay discovery against BPD until Plaintiff's claims against Detective Min is finally determined. The Court should grant the Rule 42(b) and 26(d) motion for the reasons set forth below.

IV.  **ARGUMENT**

    A.  **BIFURCATION OF THE §1983 INDIVIDUAL CLAIMS AGAINST DETECTIVE MIN FROM §1983 *MONELL* AND SUPERVISORY CLAIMS AGAINST BPD FURTHERS JUDICIAL EXPEDIENCEY AND ECONOMY.**

This Court has consistently, and almost uniformly, held that it is appropriate, and indeed desirable, to bifurcate §1983 *Monell* and supervisory liability claims from §1983 individual subordinate claims, especially in cases involving alleged unconstitutional seizures or unconstitutional use of force by law enforcement officers under the Fourth Amendment of the Constitution. *See e.g., James*, 441 F.Supp.2d at 762 (bifurcating §1983 *Monell* claims against county from §1983 individual liability claims against police officer); *Robertson,* 215 F.Supp.2d at 665 (same); *Jones*, 894 F. Supp. at 883 (same); *Dawson*, 896 F.Supp. at 540 (same); *Marryshow*, 139 F.R.D. at 319-320 (same); *see also Williamson*, 2011 U.S. Dist. LEXIS 28877, Slip Op. at 4-5; *Taylor*, 2010 U.S. Dist. LEXIS 132969, Slip Op. at 4-5; *Santos*, 2010 U.S. Dist. LEXIS 88449, Slip Op. at 14 (same-bifurcation of §1983 supervisory claims from §1983 subordinate claims).

This is because §1983 *Monell* or supervisory liability claims are somewhat derivative of the §1983 individual liability claims, *i.e.*, Plaintiffs cannot pursue their

5

§1983 *Monell* or supervisory liability claims against BPD and unless they first prevail on their §1983 individual claims against Detective Min. *See James*, 441 F.Supp.2d at 762 ("As stated above, however, the viability of James' *Monell* claim depends upon whether Officer Burton used excessive force."); *Robertson,* 215 F.Supp.2d at 665 ("The court's practice is based upon the wellestablished rule that a municipality cannot be liable…unless the plaintiff can establish that an individual employee of the municipality has committed a constitutional violation.")(citations omitted); *Jones*, 894 F.Supp. at 883 ("In this second stage of this civil action, plaintiff Jones is seeking to hold Anne Arundel County and three of its police chiefs also legally responsible for Ziegler's sexual assault."); *Dawson*, 896 F.Supp. at 540 ("If Dawson fails in his efforts to show that an active defendant violated his constitutional rights, his claims against the County likewise fail.") *Marryshow*, 139 F.R.D. at 319 ("Accordingly, a prerequisite to establishing liability of any inactive Defendant is the existence of a constitutional rights violation by one or more active Defendants."); *see also Williamson*, 2011 U.S. Dist. LEXIS 28877, Slip. Op. at 4-5; *Taylor*, 2010 U.S. Dist. LEXIS 132969, Slip Op. at 4-5; *Santos*, 2010 U.S. Dist. LEXIS 88449, Slip Op. at 14.

Put another way, judicial economy and expediency are served by bifurcation of the §1983 claims in this case, because separate trials will eliminate the possibility of needless and unnecessary litigation against BPD and should Plaintiff not prevail in his §1983 claims against Detective Min for any reason. *See James*, 441 F.Supp.2d at 762 ("Therefore, as a matter of efficient case management, discovery will be bifurcated and proceed in the first instance only as to that question."); *Dawson*, 896 F. Supp. at 540 ("Should the jury find Ricker, or other police officers involved, innocent, a trial against

6

the County would be unnecessary."); *Marryshow*, 139 F.R.D. at 320 ("Therefore, it would not be necessary for the parties to incur the expense of preparation and trial of a case which would require the possibly extensive evidence necessary to show a custom or pattern of constitutional violations sufficient to hold the inactive Defendants liable."); *see also Williamson*, 2011 U.S. Dist. LEXIS 28877, Slip. Op. at 4-5; *Taylor*, 2010 U.S. Dist. LEXIS 132969, Slip Op. at 4-5; *Santos*, 2010 U.S. Dist. LEXIS 88449, Slip Op. at 14.

In the case at bar, the Court should grant the motion for bifurcation under Rule 42(b). Based upon the allegations of the Complaint, it is unequivocal that Plaintiffs are seeking liability against BPD and because: BPD allegedly has had "a regular pattern of practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the injuries suffered by Plaintiff by Defendant Detective Min." See, ECF. No. 2, ¶ 65.

Therefore, it is clear that Plaintiffs must first show that Detective Min's conduct was unconstitutional before they can pursue any §1983 *Monell* and supervisory liability claims against BPD. Simply stated, the Court should first require Plaintiff to successfully prove and win his §1983 individual claim against Defendant Min before it allows Plaintiff to pursue his §1983 claims against the BPD. The Court may grant the motion for bifurcation for this reason alone.

### B.    BIFURCATION WILL ALSO PROTECT AGAINST THE THREAT OF PREJUDICE TO BPD, AND DETECTIVE MIN

Bifurcation also is essential to eliminate unjust prejudice to Detective Min, as well as to BPD, as Plaintiff will undoubtly seek to introduce similar evidence in their §1983 claims against these Defendants. For example, in order to meet the elements for

7

his §1983 *Monell* or supervisory claims, Plaintiff will have to introduce evidence of prior police misconduct to show that BPD an unconstitutional "official policy, custom or practice" that allegedly authorized Detective Min to use unconstitutional excessive force against Mr. Rockwell, and that BPD was "deliberately indifferent to, or tacitly authorized" such unconstitutional conduct on the part of Detective Min.  *See e.g., Gray v. Maryland*, 228 F.Supp.2d 628, 638 (D. Md. 2002); *Dawson*, 896 F.Supp. at 540; *Marryshow*, 139 F.R.D. at 320; *Santos,* 2010 U.S. Dist. LEXIS 88449, Slip Op. at 14; *Stewart v. Prince George's County*, 2001 U.S. Dist. LEXIS 14586, Slip Op. 1, 6 (D. Md. decided May 23, 2001)(unpublished), *rev'd on other grounds,* 75 Fed. Appx. 198 (4th Cir 2013); *Thompson, et al., v. Mayor and Town Council, La Plata, et al.,* 2001 U.S. Dist. LEXIS 5588, Slip Op. 1, 13 (D. Md. decided April 13, 2001)(unpublished).

Accordingly, bifurcation is proper to avoid prejudice and confusion amongst the jury because: (1) Plaintiffs' attempt to introduce evidence of alleged prior police misconduct inevitably leads to "side show" mini-trials regarding the constitutionality and relevance of such evidence; (2) any evidence of alleged prior police misconduct will certainly be prejudicial, and most likely inadmissible, against Detective Min, 403 and 404 of the Federal Rules of Evidence to show that he violated the constitutional rights of Mr. Rockwell; and (3) such evidence may or may not be admissible against BPD.  *See Gray*, 228 F.Supp.2d at 638 ("[P]roof of a custom or policy by the [municipal entity] will likely require the plaintiffs to introduce evidence that would be irrelevant to the liability of the other defendants"); *Dawson*, 896 F.Supp. at 540 ("Evidence of the County's custom, practice or policy may include evidence of 'prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them."…"While this

8

evidence is most certainly relevant to Dawson's case against the County, the Court would not likely allow it in Dawson's case against Ricker.")(citations omitted); *Marryshow*, 139 F.R.D. at 320 ("In most cases, it is likely, if not inevitable, that there will be conflicting evidence regarding any alleged prior incidents of police brutality.  Thus, it is highly probable that in determining a Plaintiff's claims against inactive Defendants, the jury will have to hear, and consider, evidence in 'side show' trials regarding these matters."); *see also Santos*, 2010 U.S. Dist. LEXIS 88449, Slip Op. at 14 ("In this district, it is common practice to bifurcate failure to train and failure to supervise claims until a constitutional violation has been established."); *Stewart*, 2001 U.S. Dist. LEXIS 14586 at 6 ("In order for the Plaintiff to establish a pattern and practice case against the [municipal entity], Plaintiff will have to submit evidence of prior incidents of [unconstitutional acts], the details associated with such incidents, and how the [municipal] policymakers…reacted to the incidents.  While the evidence is indeed relevant to the Plaintiffs' case, it is not the type of evidence the Court would allow to be introduced against the 'active' Defendants in the case.  The prejudicial effect of such evidence would clearly outweigh its probative value"); *Thompson*, 2001 U.S. Dist. LEXIS 5588 at 13 ("[E]vidence that would be relevant to prove the Plaintiffs' custom and policy claims against the municipalities would be highly prejudicial to the officers.  Under such circumstances, the best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them")(internal quotation marks omitted).

In sum, this Court has recognized that when a party simultaneously pursues §1983 *Monell* claims and supervisory claims, as well as §1983 individual liability claims, the

conflicts are "obvious" and "… [t]he best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them." *See Dawson*, 896 F.Supp. at 540.

As well, introducing evidence relating to the claims against Detective Min would prejudice BPD. For example, if the jury determines that this officer is liable under §1983 to Plaintiff, their decision might unfairly influence how they determine the issue whether BPD had a "custom, policy, or practice" which led to the unconstitutional violation, or whether, in fact BPD, was "deliberately indifferent" in supervising Detective Min (or "tacitly authorized" their alleged misconduct).

Put simply, the jury would likely be tainted by the previous disposition of Plaintiff's claims against Detective Min and would not be in a position to render an impartial decision toward the BPD. In sum, this Court should grant the motion to bifurcate the §1983 *Monell* claim and supervisory claims against BPD and from the §1983 individual liability claims against Detective Min.

### C. DISCOVERY ON THE CLAIMS PENDING AGAINST BPD AND SHOULD BE STAYED PENDING THE RESOLUTION OF PLAINTIFFS' §1983 CLAIMS AGAINST DETECTIVE MIN.

Once the Court determines that bifurcation is appropriate, it should also order a stay of discovery against BPD. Again, a stay of discovery is appropriate because there would be no reason for Plaintiff to delve into BPD's and policies, customs and practices, or their actions in supervising Detective Min, if Plaintiff is not successful in his §1983 claims against this officer. *See Gray*, 228 F.Supp.2d at 238 ("Therefore, to maximize efficiency and convenience, and minimize unfair prejudice and delay, the proceedings will be bifurcated, and discovery on the claims which require proof that Gray was injured by the custom or policy of the County will be stayed until Gray's other claims have been

10

resolved."); *Marryshow*, 139 F.R.D. at 319 ("[T]he question of bifurcation has been raised prior to the commencement of discovery on any claims against the inactive Defendants. In this context, it is possible to combine bifurcation for trial with the postponement…of discovery relevant only to Plaintiffs' claims against the inactive Defendants."); *Dawson*, 896 F.Supp. at 540 ("In light of this conclusion, the Court will also grant Defendants' motion to stay discovery…").

As already discussed above, the burden of proof necessary to establish §1983 *Monell* and supervisory liability is significantly higher as compared to the proof necessary to establish §1983 liability against Detective Min. Indeed, it seems certain that the discovery in this case for the §1983 *Monell* and supervisory claims will be an enormous task. Accordingly, in the interest of judicial economy and expediency, the Court should stay discovery against BPD and until the Plaintiffs' §1983 claim against Detective Min is first resolved.

V.  **CONCLUSION**

For the reasons set forth above, BPD and respectfully requests that the Court bifurcate Plaintiffs' §1983 individual claim against Detective Min from the §1983 claim against BPD. The Court should also stay discovery against BPD and pending the outcome Plaintiffs' constitutional claims against Detective Min.

                                      Respectfully submitted,

                                      /s/
                                  Dorrell A. Brooks, Bar No. 27058
                                  Assistant City Solicitor
                                  Baltimore City Law Department
                                  Office of Legal Affairs
                                  100 N. Holliday Street, Room 101
                                  Baltimore, Maryland 21202
                                  Telephone: (410) 396-2496

resolved."); *Marryshow*, 139 F.R.D. at 319 ("[T]he question of bifurcation has been raised prior to the commencement of discovery on any claims against the inactive Defendants. In this context, it is possible to combine bifurcation for trial with the postponement…of discovery relevant only to Plaintiffs' claims against the inactive Defendants."); *Dawson*, 896 F.Supp. at 540 ("In light of this conclusion, the Court will also grant Defendants' motion to stay discovery…").

As already discussed above, the burden of proof necessary to establish §1983 *Monell* and supervisory liability is significantly higher as compared to the proof necessary to establish §1983 liability against Detective Min. Indeed, it seems certain that the discovery in this case for the §1983 *Monell* and supervisory claims will be an enormous task. Accordingly, in the interest of judicial economy and expediency, the Court should stay discovery against BPD and until the Plaintiffs' §1983 claim against Detective Min is first resolved.

V.  **CONCLUSION**

For the reasons set forth above, BPD and respectfully requests that the Court bifurcate Plaintiffs' §1983 individual claim against Detective Min from the §1983 claim against BPD. The Court should also stay discovery against BPD and pending the outcome Plaintiffs' constitutional claims against Detective Min.

Respectfully submitted,

/s/
Dorrell A. Brooks, Bar No. 27058
Assistant City Solicitor
Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496

>     Facsimile:   (410) 396-2126
>     E-mail: dorrell.brooks@baltimorepolice.org
>     *Attorney for Defendants BPD*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June 2014, a copy of the foregoing Defendants' Motion to Bifurcate and to Stay Discovery, and Memorandum of Law in Support of Defendants' Motion to Bifurcate and to Stay Discovery was forwarded via the court's electronic filing system to the following:

Julian L. Insley, Esq.
J. Shawn Alcarese, Esq.
409 Washington Avenue, Suite 707
Towson, MD 21204

*Counsel for Plaintiff Guy Jackson*

Michael Marshall, Esquire
Schlachman Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, MD 21202

*Counsel for Defendant Detective Julian Min*

/s/
Dorrell A. Brooks
Federal Bar No. 27058