IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUY JACKSON                              *
                                         *
v.                                       *    Civil Action No. WMN-14-516
                                         *
ALEJANDRO PENA et al.                    *
                                         *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM AND ORDER**

Defendant Baltimore Police Department ("the Police Department") has filed a Motion to Bifurcate and to Stay Discovery under Federal Rules of Civil Procedure 42(b) and 26(d).  See ECF No. 30.  The Motion is unopposed.  For the reasons stated herein, the Court determines that no hearing is necessary, Local Rule 105.6, and the Motion will be granted.

The Police Department asserts that bifurcation pending the resolution of the Plaintiff's claims against the remaining individual defendant, Detective Min, is appropriate because it will "substantially decrease the risk of prolonged and burdensome litigation, will conserve judicial resources, will serve as a more effective method of testing the sufficiency of Plaintiff's claims, and lastly, will protect against the possibility of prejudice against BPD, and Detective Min."  ECF No. 30-1 at 1-2.  Specifically, the Police Department notes that the claims against it are limited to a claim brought pursuant to 42 U.S.C. § 1983.  Because a finding of liability by the Police

1

Department under § 1983 must be premised on an underlying constitutional violation, the Police Department argues that bifurcation is appropriate.

Under Federal Rule of Civil Procedure 42(b), the Court may, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial."  "Bifurcation is fairly common in Section 1983 cases where a plaintiff has asserted claims against individual government employees as well as the municipal entity that employs and supervises these individuals." Beasley v. Kelly, Civ No. DKC 10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010).  This is because, "to hold the inactive Defendants (or any of them) liable, Plaintiff must establish that the actions of the active Defendants subjecting him to Section 1983 liability were proximately caused by a custom, practice or policy of an inactive Defendant."  Marryshow v. Town of Bladensburg, 139 F.R.D. 318, 319 (D. Md. 1991).  Because a constitutional violation on the part of Detective Min serves as the predicate for a finding of liability on the part of the Police Department, bifurcation of such an action is generally appropriate.  See, e.g., Humbert v. O'Malley, Civ. No. WDQ-11-0440, 2012 WL 1066478 (D. Md. Mar. 27, 2012); Beasley v. Kelly,

2

Civ. No. DKC-10-0049, 2010 WL 3221848 (D. Md. Aug. 13, 2010); Dawson v. Prince George's County, 896 F. Supp. 537 (D. Md. 1995).

Given the potential for prejudice to the Police Department should this action proceed intact, see generally Dawson, 896 F. Supp. at 540 (noting the potential prejudice and conflicts inherent in trying § 1983 claims against individuals and municipalities/supervisors jointly), this Court's practice of bifurcating § 1983 Monell and supervisory liability claims, and the absence of an opposition by Plaintiff, the Court will grant the Police Department's Motion.  The Court will also grant a stay of discovery only with respect to the issues relevant to Plaintiff's case against the Police Department.  A separate period of discovery as to Plaintiff's claims against the Police Department will be permitted pending the results of the first trial.

Accordingly, IT IS this 6th day of August, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Bifurcate filed by Defendant Baltimore Police Department, ECF No. 30, is GRANTED;
2. Discovery as it relates to Plaintiff's claims against the Baltimore Police Department is STAYED; and

3. The Clerk of Court shall transmit copies of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge
